# MEMORANDA

## CASES NOT REPORTED IN FULL.

JULIA H. SUYDAM, Appellant, *v.* THOMAS BELK-
NAP, Jr., Respondent.

*Discharge from arrest under the insolvent law — when granted — the fact that the
defendant converted money received in a fiduciary capacity does not prevent his
discharge.*

Appeal by an opposing judgment creditor from an order dis-
charging the defendant from arrest, under title 1, chapter 5,
article 6 of part 2 of the Revised Statutes.

The petitioner was arrested in this action, brought by the
above named appellant, for converting to his own use moneys
and securities belonging to the appellant, while acting in a
fiduciary capacity. Petitioner was imprisoned in default of pro-
curing bail in the amount of thirty-five thousand dollars.

Judgment was subsequently entered and an execution duly
issued against the petitioner's person. Subsequently the peti-
tioner brought these proceedings pursuant to the above title of
the Revised Statutes for his discharge.

The petitioner was duly examined under the proceedings, and
his testimony showed that after accepting the trust reposed in him
he fraudulently and in violation of said trust used the money and
property of the appellant for his own personal use and benefit.

Notwithstanding these facts Mr. Justice Westbrook held that
the petitioner was entitled to his discharge, on the ground that
the evidence did not show that he disposed of or made over any
part of *his own* property with a view to the future benefit of him-
self or his family, or with an intent to injure or defraud any of
his creditors.

The court, at General Term, said : "This case is distinguish-
able from that of *In re Brady* (69 N. Y., 215), because the
charge is that the defendant received money in a fiduciary

capacity for which he has not accounted. The defendant Brady was charged with a disposition of his property with the intention of defrauding his creditors, and for that reason it was held that his proceedings were not just and fair.

" This case does not show any appropriation of this kind, and therefore that he has property attainable by recourse to his grantee, or otherwise. The money received was disposed of by him, and though improperly used does not subject him to the rule established by the case referred to.

" We cannot say, under the circumstances, that his proceedings have not been just and fair."

*James C. Van Dyke*, for the appellant. *William McDermot*, for the respondent.

Opinion *per Curiam.*

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with $10 cost and disbursements.